UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| SFT IV LLC; MOS18 LLC; 2206 Avenue A LLC | ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: |
| vs. | ) ) | Division: |
| Hartford Fire Insurance Company | ) ) | Judge: |
| Defendant. | ) ) | Mag. Judge: |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, SFT IV LLC; MOS18 LLC; 2206 Avenue A LLC ("Insured"), who files this Complaint on the grounds set forth below:

### Jurisdiction and Venue

1. This action arises as a result of the Defendant's denial of the Insured's flood insurance claim under the National Flood Insurance Act of 1968, as amended ("NFIA"; 42 U.S.C. § 4001 *et seq.*), the Federal Emergency Management Agency's ("FEMA") regulations, and federal common law.

2. This breach of contract action involves breaches of a Standard Flood Insurance Policy ("SFIP"), 44 C.F.R. Pt. 61, Appx. A(1), that the Defendant sold to Insured pursuant to the NFIA.

3. This Court has original, exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072. In addition, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 because the interpretation of the SFIP, a federal regulation, creates numerous, substantial federal questions.

1

4.  The property made the basis of this action is located at 3455 S Highway A1A **BLDG B**, Melbourne Beach, FL 32951 (the "subject property") which is located in the Middle District of Florida. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and 42 U.S.C. § 4072.

### Parties

5.  Plaintiffs are persons of the full age of majority and maintaining a property within the Middle District of Florida, and at all relevant times are the owners of the property located at and commonly identified as Insured Property.

6.  The Defendant, Hartford Fire Insurance Company (the "Company"), is a private insurance company authorized to and doing business in Florida. Defendant is appearing as a Write-Your-Own ("WYO") National Flood Insurance Program ("NFIP") carrier under the authority of the NFIA. Pursuant to 44 C.F.R § 62.23(d) and (i)(6), Defendant is responsible for adjusting, settlement, payment, and defense of all claims arising from flood insurance policies. The Company is authorized to do and does business in the State of Florida.

### Background Facts

7.  The Company sold an SFIP, bearing policy number 6500110406 to Insured for the subject property, having coverage amounts of $500,000.00 for Building and $10,000 for Contents, each subject to a deductible of $10,000. *See*, Exhibit 1. The SFIP is set forth at 44 C.F.R. Pt. 61, Appx. A(1), and is incorporated herein by reference. Insured had paid all necessary premiums, and the SFIP was in full force and effect during its term and at all relevant times on the date of the flood loss.

8.  The SFIP issued to Insured covered flood damage to subject property for the dwelling and other structures described under Coverage A; personal property under Coverage B; debris and loss avoidance measures as described under Coverage C; and costs incurred to comply with state or local flood plain management laws or ordinances as described under Coverage D (also known as Increased

Cost of Compliance or ICC).

9. On or about November 9, 2022, Hurricane Nicole began impacting the Florida coast causing widespread, devastating, long-duration flooding (the "Flood") throughout much of Florida, and ultimately flooding the Insured's property and contents.

10. As a direct and proximate result of the Flood, Insured suffered a direct physical loss to the subject property. Insured's dwelling was inundated with contaminated floodwaters for several days causing physical changes and damages directly by and from flood to the subject property. Insured has incurred and continues to incur significant expenses to restore the property to pre-flood condition.

11. Insured timely notified the Company of this flood insurance loss, as required by Article VII.J.1. of the SFIP and **claim number 413634** was assigned.

12. The Company and the adjuster prepared a damage estimate, but they chose to not comply with the provisions and requirements of the SFIP and FEMA's rules, regulations, guidance, and Adjuster Claims Manual.

13. Because the adjuster's Proof of Loss and the Company's payments based upon it were deficient and failed to adequately compensate the Insured for all covered losses, Insured retained an expert to evaluate the extent of the flood loss caused by and from the Flood.

14. The experts found conclusive evidence that the Flood critically damaged Insured's covered property in an amount and scope far greater than found by the Company's adjuster.

15. As such, Insured disagreed with and refused to accept the original amount allowed by the Defendant upon the claim.

16. Insured objected to the estimate and payment by Defendant on the following grounds: the Defendant's estimate and payment did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the adjuster chose to use incorrect

3

and/or inadequate pricing which did not accurately reflect the true cost of repairs unique to the Insured's dwelling and community; and, the adjuster chose to use inappropriate and/or inadequate methods of repair.

17. The covered damages were thoroughly documented by the experts retained by the Insured, and a valid and timely Proof of Loss with supporting documentation, including specifications of the damaged building and detailed repair estimate, was submitted to the Company for review, as required by Article VII.J.4.

18. The Company chose to not make any efforts to agree on the scope of damages; chose to not make a determination regarding missing items; chose to ignore the pricing submitted in the Insured's estimate which was prepared by a qualified professional using industry standard software; and chose to not review its own estimate for improper methods of repair used by its adjuster. The Company refuses to consider any additional payment or take any action on the Insured's Proof of Loss and estimate until the Insured produces receipt of "incurred" or "accrued" costs. There is no provision in the SFIP which requires the insured to make repairs.

19. By failing to make any effort to reach agreement on the scope of damages and pricing with the Insured, Defendant has deprived the Insured of the right to appraisal under the SFIP, Art. VII.P. The Company's choice not to consider Insured's estimate and identifying the disputed items denies Insured of the right to appeal to FEMA. At this time, Insured has no other alternative but to file suit to collect the amount due under the SFIP.

20. The Insured complied with all conditions precedent within the SFIP prior to filing this lawsuit, including, but not limited to, timely notifying the insurance company of the loss and submitting a timely Proof of Loss.

21. Despite receipt of the documentation evidencing the Company's substantial underpayment, Defendant has delayed and denied these claims, which are due and owed under the SFIP.

## The WYO Company's Duties

22. The Company entered into the Financial Assistance/Subsidy Arrangement (the "Arrangement") with FEMA, which authorizes the Company to issue SFIPs, and the "Company shall investigate, adjust, settle and defend all claims or losses arising from policies issued under this Arrangement." Art. II.F.

23. The Arrangement states that the "Company shall comply with written standards, procedures, and guidance issued by FEMA or FIA relating to the NFIP and applicable to the Company." Art. G.1.

24. Further, the "Company is solely responsible for its obligations to its insured under any policy issued pursuant hereto, such that the Federal Government is not a proper party to any lawsuit arising out of such policies." Art. XVI.

25. Federal regulations set out the procedures to be used by WYO companies, such as Defendant. 44 C.F.R. Section 62.23(i) states in pertinent part:

> (1) WYO companies will adjust claims in accordance with general company standards, guided by NFIP Claims manuals. The Arrangement provides that claim adjustments shall be binding upon the FIA.
>
> (2) The WYO Company may use its staff adjusters, independent adjusters, or both. It is important that the Company's Claims Department verifies the correctness of the coverage interpretations and reasonableness of the payments recommended by the adjusters.
>
> ***
>
> (4) The normal catastrophe claims procedure currently operated by a WYO Company should be implemented in the event of a claim catastrophe situation. Flood claims will be handled along with other catastrophe claims.
>
> ***
>
> (10) The customary content of claim files will include coverage verification, normal adjuster investigations, including statements where necessary, police reports, building reports and investigations, damage verification and other documentation relevant to the adjustment of claims under the NFIP's and the WYO Company's traditional claim adjustment practices and procedures. The WYO Company's claim examiners and managers will supervise the adjustment of flood insurance claims by staff and independent claims adjusters.

26. The SFIP at 44 C.F.R. Pt. 61, Appx. A(1), Article VII.M. states that the carrier "will adjust all losses with you. … Loss will be payable within 60 days after we receive your proof of loss … and: a. We reach an agreement with you; b. There is an entry of valid judgment; or c. There is a filing of an appraisal award with us, as provided in VII.P."

27. Courts have held that the "SFIP's should be interpreted in a fashion that ensures uniform interpretation throughout the country, avoiding state-to-state coverage variances." *See, Greer v. Owners Ins. Co.*, 434 F.Supp.2d 1267, 1274 (N.D. Fla. 2006) *citing Carneiro Da Cunha v. Standard Fire Ins. Co./Aetna Flood Ins. Program*, 129 F.3d 581, 584 (11th Cir. 1997); *Suopys v. Omaha Property & Casualty,* 404 F.3d 805, 809 (3d Cir. 2005).

28. Despite FEMA's extensive rules, detailed regulations, and guidance, this Company has either failed to establish general company standards or has failed to fully comply with FEMA's rules and regulations resulting in an adjustment that omitted covered items and undervaluing other covered items.

29. Defendant's adjustment was based upon the arbitrary and capricious application of some of FEMA's rules, regulations and guidance, which created a disparate impact on this Insured under the NFIP.

30. As will be shown at trial of this matter, the Company chose not to comply with the written standards, procedures, and guidance issued by FEMA, which in turn directly and unfairly impacted the adjustment of Insured's flood claim resulting in gross underpayment under the SFIP.

**Breach of Contract**

31. Insured re-alleges and incorporates each and every allegation set forth above as if set forth fully herein.

32. This is an action for damages as a result of the Company's breach of the SFIP, an insurance

contract.

33. Insured and the Company entered into an insurance contract when Insured purchased from the Company the above referenced SFIP, no. 6500110406, for the subject property.

34. The SFIP, at all times relevant, provided flood insurance coverage to the Insured for, among other things, physical damages to the subject property caused by or from flood.

35. Beginning on or about November 9, 2022, Insured's dwelling and contents flooded for an extended period of time. The Flood physically changed and damaged the subject property.

36. Insured fully performed under the contract by having paid all premiums when due, satisfying all SFIP requirements, including but not limited to Articles VII.J. and VII.R., and cooperating with the Defendant and its adjuster.

37. Insured complied with all conditions precedent to recovery, including but not limited to timely notification of the flood loss and submitting a complete Proof of Loss statement with supporting documentation.

38. The Company materially breached the SFIP when it chose to deny payment to the Insured for all covered damages caused directly by and from Flood water. Further, the Company breached the SFIP when it failed to pay for covered but omitted flood damaged items and when it underpaid numerous flood damaged items in the subject property. Moreover, the Company breached the contract of insurance when it failed to perform other obligations it owed the Insured under the SFIP.

39. By virtue of its various breaches of contract, including the choice not to pay Insured for Insured's covered losses, the Company is liable to and owes Insured for the actual damages Insured sustained as a foreseeable and direct result of the breach of contract and all costs associated with recovering, repairing, and/or replacing the covered, flood damaged property in accordance with the SFIP, together with all costs, expenses, and relief as allowed by law.

**Prayer for Relief**

**WHEREFORE**, Plaintiffs, SFT IV LLC; MOS18 LLC; 2206 Avenue A LLC, pray that after due proceedings are heard, that this Court entered Judgment in favor of the Plaintiffs and against the Defendant for all amounts that Plaintiffs proves at trial of this matter for damages due to the Defendant's breach of the insurance contract, and for cost, expenses, and other relief that this Honorable Court may deem just and proper.

Respectfully submitted,

/s/ Jordan Bieber
JORDAN BIEBER
Florida Bar No: 100164
WEISSER ELAZAR & KANTOR, PLLC
Attorneys for Plaintiffs
800 East Broward Boulevard, Suite 510
Fort Lauderdale, FL 33301
T: (954) 486-2623
F: (954) 572-8695
Email: JB@WEKLaw.com
          CM@WEKLaw.com
          Service@WEKLaw.com